**Donald K. NELSON, Petitioner—Appellant,**

v.

**Terry STEWART, Director, Respondent—Appellee.**

No. 00–16518.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Donald K. Nelson, Arizona State Prison—CB6, Florence, AZ, pro se.

Diane M. Ramsey, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM **

Donald Kenneth Nelson appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Nelson contends that his rights to a fair trial were violated when his co-defendant, who was being tried separately, was brought into the courtroom during Nelson's trial wearing jail clothes, handcuffed, shackled and escorted by armed guards so that he could be identified by a witness. This claim lacks merit because the in-court identification of Nelson's co-defendant was not so inherently prejudicial as to pose a threat to Nelson's fair trial rights, nor did it result in actual prejudice to Nelson. *See Holbrook v. Flynn,* 475 U.S. 560, 572, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986); *Jones v. Meyers,* 899 F.2d 883, 884 (9th Cir.1990) (stating that shackling of the defendant himself is not necessarily a violation of his constitutional rights).

Next, Nelson contends that his due process rights were violated because of prosecutorial misconduct. The claim fails because even if the prosecutor's conduct was improper, it did not so infect the trial with unfairness as to render the resulting con-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

viction invalid. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (holding that petitioner is not deprived of a fair trial despite the prosecutor's inflammatory and offensive remarks when the weight of the evidence supported the verdict and the trial court instructed the jury that closing arguments were not evidence).

Nelson also contends that there was insufficient evidence to sustain the verdict. Habeas relief is not warranted where, as here, a reasonable juror could have found guilt beyond a reasonable doubt when viewing the above evidence in the light most favorable to sustaining the verdict. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Nelson's motion to broaden the certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.